IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PATRICIA MALONE,

    Plaintiff,

vs.                                                No. 18-2251-TLP-dkv

SHELBY COUNTY;
PAUL HAGERMEN, Assistant District
Attorney (in his official and individual
capacity);
AUSTIN SCHOLEFIELD, Assistant Attorney
General (in his official and individual
capacity);
CHRIS SCRUGGS, Assistant Attorney
General (in his official and individual
capacity);
CITY OF MEMPHIS;
THURMOND RICHARDSON, OCU Police Officer
(in his official and individual capacity);
JONATHAN OVERLY, OCU Police Officer (in
his official and individual capacity);
WILLIAM ACRED, OCU Police Officer (in his
official and individual capacity).

    Defendants.

---

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

On April 13, 2018, the plaintiff, Patricia Malone ("Malone"), a resident of Memphis, Tennessee, filed a *pro se* complaint for violation of civil rights under 42 U.S.C. § 1983 and the Tennessee Governmental Tort Liability Act against the above-listed eight defendants (collectively "the Defendants"), (ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2). On April 17, 2018, the court issued an order granting Malone leave to proceed *in forma*

*pauperis*. (ECF No. 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons that follow, it is recommended that the court dismiss all of Malone's claims for failure to state a claim upon which relief may be granted.

I. PROPOSED FINDINGS OF FACT

In her complaint, Malone alleges fraudulent misrepresentation, negligence, false arrest, false imprisonment, malicious prosecution, negligent infliction of emotional distress, and intentional infliction of emotional distress. (Compl. ¶ 3, ECF No. 1.) Malone states that "[t]his action is brought pursuant to Tennessee Governmental Tort Liability Act and 42 U.S.C. § 1983" and also "the Tennessee Human Rights Act, T.C.A. § 4-21-401, et seq." (*Id.* ¶¶ 1-2.) Malone briefly mentions a second plaintiff, Celitria Watson, in her complaint but does not specifically refer to Watson again.[1] (*Id.* ¶ 5.)

---

[1] *Pro se* litigants cannot represent others. Federal Rule of Civil Procedure 11 requires that each pleading, motion, or other paper submitted to the court be signed by the party personally or his attorney of record, if represented. Fed. R. Civ. P. 11(a). Therefore, in federal court, a party can either be represented by an attorney or can represent himself, but cannot be represented by a nonlawyer. *Velasco v. Lamanna*, 16 F. App'x 311, 313 (6th Cir. 2001)(citation omitted). For the purposes of

Malone's complaint arises from an investigation by Memphis Police in which Malone alleges that "Plaintiffs' cell phones were the subject of a wiretap requested by Defendants, Hagerman, Scholefield, and Scruggs." (*Id.* ¶ 15.) Malone further alleges that "Defendants Hagerman, Scholefield, and Scruggs used information provided by Officer Richardson, Overly, and Acred" as part of the application for the wiretap, and that the information was "created, fabricated and/or altered." (*Id.* ¶¶ 16-17.) Malone alleges that text messages were obtained from her cell phones as a result of the wiretap and that those text messages "were altered or fabricated in order to make it appear that Plaintiffs were involved in criminal activity." (*Id.* ¶ 18.) Malone was arrested on January 31, 2017, for sixteen charges in state court including conspiracy to take contraband into a penal facility, conspiracy to commit money laundering, taking contraband into a penal facility, and money laundering. (Indictment No. 17-00424, ECF No. 1-1.) Malone pled guilty to Conspiracy to Commit Money Laundering on or about February 10, 2017, (Def.'s Mot. to Set Aside Guilty Plea, ECF No. 1-1), later entered a motion to withdraw that guily plea on or about March 6, 2017, (*id.*), and had the guilty plea set aside on or about April 10, 2017, (Order, ECF No. 1-1). Malone then pled guilty

---

this screening, the court considers all claims to be related to Malone only.

to Conspiracy – Taking Contraband into a Penal Facility: Cellphone on or about August 4, 2017, and was sentenced to eleven months, twenty-nine days probation. (J., ECF No. 1-1.) According to public records, Malone entered a petition for Post Conviction Relief on or about April 12, 2018 then withdrew that petition on or about May 9, 2018. Currently, there appears to be no other action pending in state court related to these matters.[2] *See Tennessee v. Malone*, No. C1700666 (filed Jan. 30, 2017).[3]

For relief, Malone seeks compensatory damages in the amount of $1,500,000, punitive damages in the amount of $1,500,000, cost of litigation and expenses, and "other and further relief as is consistent with law, fairness and equity." (Compl. 12, ECF No. 1.)

---

[2] When a court is ruling on a Rule 12(b)(6) motion to dismiss, the court "primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)(citation omitted). The Sixth Circuit has further held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). Malone attached several state criminal court documents to her complaint, Malone's complaint references the underlying criminal action referred to in these documents, the criminal action is central to her claim, and it is a public record; therefore, the court will consider Malone's state court criminal case.

[3] Malone withdrew her Petition for Post Conviction Relief on May 9, 2018. *See id.*

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Malone's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Malone's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.

*Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff]

has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.    Failure to State a Claim

In her complaint, Malone asserts several claims under 42 U.S.C. § 1983, as well as various state law claims.  The court will therefore first analyze whether the complaint, taken as a whole, states a viable claim under 42 U.S.C. § 1983 against any of the named defendants before addressing Malone's state law claims or viability of claims against the various defendants.

To bring an action under section 1983, Malone must allege that she was deprived of a right secured by the Constitution or laws of the United States and that such deprivation was caused by a person acting under color of state law. 42 U.S.C. § 1983; *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010).

1. *Section 1983 Claim for Violations of the Fourth Amendment*

Throughout her complaint, Malone maintains that she was falsely arrested and imprisoned which would implicate the Fourth Amendment. (Compl. 4-6, ECF No. 1.) Malone's false arrest and false imprisonment claims are the same in this case because the alleged false imprisonment arises out of the alleged false arrest by the police officers, Richardson, Overly, and Acred, named as Defendants in this case. "A false arrest claim under federal law requires a plaintiff to establish that the arresting officer lacked probable cause to arrest the plaintiff." *Bach v. Drerup*, 545 F. App'x 474, 476 (6th Cir. 2013)(citing *Sykes v. Anderson,* 625 F.3d 294, 305 (6th Cir. 2010)). However, "pleas in state court made by defendants and the finding of guilt and imposition of fines by that court estop plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause." *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988); *see also Cunningham v. Sisk*, 136 F.

App'x. 771, 774 (6th Cir. 2005)(holding that "[defendant's] guilty plea and conviction . . . forecloses any claim that the police acted without probable cause"). Here, Malone cannot hold the arresting officers liable for false arrest because, as acknowledged by Malone herself in her complaint, she pled guilty to one of the charges for which she was arrested, Conspiracy – Taking Contraband into a Penal Facility: Cellphone, on or about August 4, 2017, and was sentenced to eleven months, twenty-nine days probation. (Compl. 5, ECF No. 1.) Malone's guilty plea and subsequent conviction on those charges estop her from claiming that the defendants lacked probable cause to arrest her. *Walker*, 854 F.2d at 142. Therefore, Malone has failed to state a claim for false arrest.

Malone also asserts malicious prosecution in her complaint. (*Id.* at 9-10). A malicious prosecution claim "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006)(citing *Thacker v. City of Columbus*, 328 F.3d 244, 258 (6th Cir. 2003)). To set forth a § 1983 malicious-prosecution claim under the Fourth Amendment, the plaintiff must first "allege[] . . . termination of the prior criminal proceeding in [her] favor." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)(citations omitted); *see also Wallace v. Kato*, 549 U.S. 384, 392 (2007); *Sykes v. Anderson,* 625 F.3d 294, 309 (6th Cir.

9

2010)(additional citations and footnote omitted); *Catchings v. Fry*, No. 12-2329-JDT-CGC, 2013 WL 441600, at *4 (W.D. Tenn. Feb. 1, 2013)(citing *Sykes*, 625 F.3d at 309).[4] Second, the plaintiff must allege that the defendant "'ma[d]e, influence[d], or participate[d] in the decision to prosecute'" the plaintiff. *Sykes,* 625 F.3d at 308 (citing *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007)); *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001); *Catchings*, 2013 WL 441600, at *4 (citing *Sykes*, 625 F.3d at 308). Third, the plaintiff must allege that there was a "lack of probable cause for the criminal prosecution." *Sykes*, 625 F.3d at 308 (citing *Fox*, 489 F.3d at

---

[4]With respect to malicious prosecution claims, the Supreme Court explained in *Heck* that:

> This requirement [that the prior criminal proceeding terminate in plaintiff's favor] "avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transactions. Furthermore, to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit."

*Heck*, 512 U.S. at 484 (citing 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)).

237; *Voyticky*, 412 F.3d at 675); *Catchings*, 2013 WL 441600, at *4 (citing *Sykes*, 625 F.3d at 308). Lastly, the plaintiff must have suffered a "'deprivation of liberty,'" as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Sykes,* 625 F.3d at 308-09 (citing *Johnson v. Knorr,* 477 F.3d 75, 81 (3d Cir. 2007)); *see also Gregory v. City of Louisville,* 444 F.3d 725, 748-50 (6th Cir. 2006); *Catchings*, 2013 WL 441600, at *4 (citing *Sykes*, 625 F.3d at 308).

In the instant case, Malone has not alleged the first element of her claim: she has not alleged that the state proceeding was terminated in her favor, either by being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by . . . issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487; *see Matheney v. City of Cookeville, Tenn.*, 461 F. App'x 427, 432 (6th Cir. 2012)(holding that the defendant, after entering a guilty plea in state court, could not bring a § 1983 claim against the City because "the fact remains that his guilty plea has not been overturned or challenged in any way"). It is unnecessary for the court to analyze the remaining elements of her claim because, under *Heck*, Malone does not have a "cause of action under § 1983," and it is recommended that her malicious prosecution claim be dismissed for failure to state a claim on

11

which relief may be granted. *Heck*, 512 U.S. at 489; *see also Catchings*, 2013 WL 441600, at *5 (dismissing a malicious prosecution claim for failure to state a claim upon which relief may be granted). Malone cannot use the instant lawsuit to litigate the merits of the state court indictment and conviction as she attempts to do in her complaint.

Thus, it is recommended that any and all of Malone's § 1983 claims arising under the Fourth Amendment be dismissed for failure to state a claim.

2. *Malone's State Law Claims*

In her complaint, Malone alleges various state law claims including fraudulent misrepresentation, negligence, malicious prosecution, false arrest, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. It is recommended that the court decline to exercise supplemental jurisdiction over Malone's state law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. In the Sixth Circuit, the policy is that "'[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well.'" *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009)(quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)). The court has original

12

jurisdiction only over Malone's claims arising under federal law,[5] and because the court recommended dismissal of those claims, the court should decline to exercise supplemental jurisdiction over Malone's state law claims. *Brooks*, 577 F.3d at 709. Accordingly, the court recommends that Malone's state law claims be dismissed for lack of subject-matter jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, the court recommends that Malone's federal claims be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted and that Malone's state law claims be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted this 24th day of July, 2018.

> s/Diane K. Vescovo
> DIANE K. VESCOVO
> UNITED STATES MAGISTRATE JUDGE

NOTICE
Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14)

---

[5] Malone does not indicate that she is seeking to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332. In fact, there is not complete diversity between the parties because Malone and the Defendants are citizens of Tennessee.

days may constitute a waiver of objections, exceptions, and further appeal.